UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY
D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC         Case No.:  16-CV-5232
HERBST, DENISE RICHARDSON, and THOMAS
CORBETT as Trustees and fiduciaries of the Local 282        **COMPLAINT**
Pension Trust Fund.

                            Plaintiffs,

        -against-

LONG ISLAND CESSPOOL CO., INC.,

                            Defendant.
-------------------------------------------------------------------------x

Plaintiffs THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL, FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, DENISE RICHARDSON, and THOMAS CORBETT as Trustees and fiduciaries of the Local 282 Pension Trust Fund for their Complaint allege against the Defendant as follows:

## INTRODUCTION

This is an action by the Trustees and fiduciaries of employee benefit plans to collect withdrawal liability owed by Defendant LONG ISLAND CESSPOOL CO., INC. ("LI CESSPOOL") to the Local 282 Pension Trust Fund ("Pension Fund") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et seq.* ("MPPAA"), in the amount of $231,412.00, which sum was determined to be due and owing as a result of the permanent cessation of LI CESSPOOL's obligation to contribute to and its withdrawal

from the Pension Fund, plus interest, liquidated damages and attorneys' fees and costs incurred in seeking to collect the aforementioned amounts.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Sections 502(e), 502(f) and 515 of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1145, and Section 4301(c) of ERISA, 29 U.S.C. § 1451(c).

2. Venue lies in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Funds are administered in this District.

## PARTIES

3. Plaintiffs are Trustees and fiduciaries of the Funds and, collectively, are the "plan sponsor" within the meaning of Section 3(l6)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Funds, as defined in Section 3(21) (A) of ERISA, 29 U.S.C. § 1002(2l) (A).

4. The Pension Fund is an "employee benefit plan" and "multiemployer plan" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37) with its principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

5. The Pension Fund is jointly administered by a Board of Trustees, with equal representation of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. The Pension Fund was established pursuant to the terms of various collective bargaining agreements between Building Material Teamsters Local 282 ("Local 282" or "Union"), a labor organization representing workers in an industry affecting commerce, and various

employers, including LI CESSPOOL, which are required to make contributions to the Funds on behalf of their workers covered by the collective bargaining agreements.

7. The Pension Fund is maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), which is incorporated by reference into the collective bargaining agreements. The Pension Fund provides pension benefits to covered workers, retirees and their dependents.

8. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

9. Upon information and belief, Defendant LI CESSPOOL is, and at all times relevant to this action has been, a domestic business corporation located and/or having offices for doing business at One Watkins Terrace, N. Amityville, New York 11701.

10. Upon information and belief, LI CESSPOOL is, and at all times relevant to this action has been, engaged in the business of trucking services within the State of New York.

11. LI CESSPOOL is, and at all times relevant to this action has been, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

## FACTUAL BASIS FOR CLAIMS

**The Collective Bargaining Agreements, the Trust Agreement, and Withdrawal Liability Obligation to the Funds**

12. At all times relevant to this action, LI CESSPOOL has been a party to and bound by a series of collective bargaining agreements with Local 282, most recently the Building Nassau-Suffolk Heavy Construction & Excavation Agreement for the period July 1, 2011

through June 30, 2017 (the "CBA"). The CBA contains a monthly contribution obligation to the Pension Fund.

13. At all times relevant to this action, LI CESSPOOL agreed to be bound by the Trust Agreement, which is incorporated by reference into the CBA.

14. The Trust Agreement authorizes the Trustees to construe the provisions and the terms used therein, and provides that any construction adopted by the Trustees in good faith is binding upon the employers.

15. Article IX, Section 4 of the Trust Agreement, with the sanction of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring actions to enforce an employer's obligations to the Funds under its collective bargaining agreements with Local 282, including the obligation to make withdrawal liability payments to the Funds.

16. Article XI, Section 1(a) of the Trust Agreement provides: "An Employer that withdraws from the Pension Plan after April 28, 1980, in either a complete or partial withdrawal shall owe and pay withdrawal liability to the Plan as determined under this Article and [ERISA] and the Pension Protection Act of 2006."

17. In or about November 2015 LI CESSPOOL was deactivated from the Union due to its inactivity.

18. On or about March 4, 2016 LI CESSPOOL was sent an Initial Notice of Actual Withdrawal.

19. On or about April 22, 2016 the Pension Fund demanded payment of the withdrawal liability starting June 1, 2016.

20. LI CESSPOOL failed to remit the withdrawal liability payments by June 1, 2016.

21. As a result, the Pension Fund, on or about June 2, 2016 sent a Notice of Default demanding cure within sixty (60) days.

22. To date, LI CESSPOOL has failed to make any payments of the withdrawal liability demanded, the full amount of which remains due and unpaid.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANT LI CESSPOOL**

23. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. According to the Pension Fund's records, as of November 2015, LI CESSPOOL permanently ceased to have an obligation to remit contributions to the Pension Fund and/or ceased covered operations.

25. Pursuant to Section 4203(a) of ERISA, 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the Pension Fund and/or the cessation of covered operations constitutes a "complete withdrawal" from the Pension Fund.

26. Pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, LI CESSPOOL is obligated to pay withdrawal liability to the Pension Fund for its proportionate share of the Pension Fund's unfunded vested benefits.

27. In accordance with Section 4211 of ERISA, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Pension Fund calculated LI CESSPOOL's withdrawal liability to be $231,412.00.

28. By letter dated March 4, 2016, the Pension Fund sent LI CESSPOOL an Initial Notice of Actual Withdrawal.

29. By letter dated April 22, 2016, in accordance with Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), and Article XI, Section 5(c)(l) of the Trust Agreement, the Pension Fund

5

sent LI CESSPOOL a written Notice and Demand for Payment of Withdrawal Liability and informed LI CESSPOOL that it could remit its withdrawal liability in Fifty-Four (54) consecutive monthly installments of $4,849.66 per month, beginning June 1, 2016, plus a final payment of $1,969.30. The Notice and Demand for Payment of Withdrawal Liability also directed LI CESSPOOL to Section 4219 of ERISA, 29 U.S.C. § 1399 for a description of the rights LI CESSPOOL might have in connection with the Pension Fund's assessment of withdrawal liability, including the statutory provisions that contain the time limits for challenging the assessment.

30. LI CESSPOOL failed to challenge the Pension Fund's assessment of withdrawal liability.

31. LI CESSPOOL failed to make the initial monthly payment of $4,849.66 due on June 1, 2016, defaulting on the withdrawal liability installment payment schedule.

32. The Pension Fund notified LI CESSPOOL of its delinquency by letter dated June 2, 2016, providing LI CESSPOOL with 60 days to cure the withdrawal liability installment payment schedule default.

33. To date, LI CESSPOOL has failed to remit the initial monthly payment or any other withdrawal liability installment payments.

34. By failing to remit its monthly withdrawal liability installment payments within sixty (60) days of receiving notice of such failure, LI CESSPOOL defaulted on its withdrawal liability obligations to the Pension Fund under the provisions of Section 42l9(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Article XI, Section 5(d)(1)(C) of the Trust Agreement. Therefore, the entire outstanding balance of LI CESSPOOL's withdrawal liability in the amount

of $231,412.00 is due and owing pursuant to Sections 515, 4219(c)(5) and 4301(b) of ERISA, [29 U.S.C. §§ 1145, 1399(c)(5), and 1451(b)].

35. In accordance with Article XI, Section 5(d)(2) of the Trust Agreement and Sections 502(g)(2)(B), 4219(c)(5) and 4301(b) of ERISA [29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5) and 1451(b)], and 29 C.F.R. § 419.32, LI CESSPOOL is obligated to the Pension Fund for interest at the rate of 1.5% per month on the delinquent withdrawal liability payments from June 1, 2016 to the date judgment is entered.

36. In accordance with Article XI, Section 5(e) of the Trust Agreement and Sections 502(g)(2)(C) and (D) and 4301(b) of ERISA [29 U.S.C. §§ 1132(g)(2)(C) and (D) and 1451(b)], LI CESSPOOL is obligated to the Pension Fund for liquidated damages equal to the greater of the amount of interest charged on the unpaid balance or liquidated damages equal to twenty percent (20%) of the unpaid amount awarded, plus the costs and attorneys' fees incurred in this action.

37. As a result of the foregoing, the Plaintiffs are entitled to judgment in an amount to be determined at trial against LI CESSPOOL, but in no event less than the amount of $231,412.00.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request the Court enter judgment against LONG ISLAND CESSPOOL CO., INC.:

(a) Finding LONG ISLAND CESSPOOL CO., INC. liable to the Pension Fund for withdrawal liability in the amount of Two Hundred Thirty-One Thousand Four Hundred Twelve Dollars and no cents $231,412.00, in accordance with Sections 515, 4219(c)(5), and 4301(b) of ERISA, 29 U.S.C. §§ 1145, 1399(c)(5), and 1451(b);

(b) Finding LONG ISLAND CESSPOOL CO., INC. liable to the Pension Fund, in accordance with Sections 502(g)(2)(B), 4219(c)(5), and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5), and 1451(b), and 29 C.F.R. § 4219.32, and Article XI, Section 5(d)(2) of the Trust Agreement, for interest at the rate of 1.5% per month on the full amount of the unpaid withdrawal liability from June 1, 2016 until the date judgment is entered;

(c) Finding LONG ISLAND CESSPOOL CO., INC. liable to the Pension Fund, in accordance with Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and 1451(b), and Article XI, Section 5(e) of the Trust Agreement, for liquidated damages equal to the greater of the amount of interest charged on the unpaid withdrawal liability or twenty percent (20%) of the unpaid amount awarded;

(d) Finding LONG ISLAND CESSPOOL CO., INC. liable to the Funds for reasonable attorneys' fees and costs, in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and Article XI, Section 5(e) of the Trust Agreement, in an amount to be determined by the Court upon subsequent application by the Plaintiffs; and

(e) For such other and further equitable relief as this Court deems appropriate.

Dated: White Plains, New York
September 20, 2016

TRIVELLA & FORTE, LLP

*/s/ Arthur J. Muller III*
_____
ARTHUR J. MULLER III
*Attorneys for Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Tel. No.: (914) 949-9075